# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 10, 2010 Session

## BARBARA CARR, ET AL. v. MOOSA VALINEZHAD, ET AL.

### Direct Appeal from the Chancery Court for Sumner County
#### No. 2007C-25    Tom E. Gray, Chancellor

### No. M2009-00634-COA-R3-CV - Filed April 22, 2010

This appeal arises out of an elderly woman's attempt to recover assets from her daughter and former son-in-law, who allegedly exercised undue influence over her financial decision-making for a period of years following the death of her husband. In a motion for partial summary judgment, the plaintiffs sought to invalidate two transfers of substantial assets to the defendants. The trial court granted the plaintiffs' motion and certified the judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Because the trial court's order does not dispose of a claim between the parties, we vacate the entry of final judgment and remand.

### Tenn. R. App. P. Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J. and J. STEVEN STAFFORD, J., joined.

Moosa Valinezhad, *Pro Se*.

James W. Price, Jr., Nashville, Tennessee, for the appellee, Barbara Carr.

Elizabeth S. Tipping and John D. Ross, Nashville, Tennessee, for the appellee, Joanne Carr Shypula, Individually and as Guardian of Barbara Carr.

### OPINION

This appeal involves a series of events initiated by the death of James L. Carr, who left the bulk of an estate valued at over $3,500,000 to his wife, Barbara Carr. Within five days of his passing, the defendants in this case, Moosa Valinezhad and Linda Carr Valinezhad, obtained a general durable power-of-attorney from Ms. Carr appointing them

her agents and attorneys-in-fact. The defendants, Ms. Carr's daughter and former son-in-law, indisputably exercised this power-of-attorney, along with additional powers-of-attorney and Linda Carr Valinezhad's authority as co-trustee of a trust created to benefit Ms. Carr, to control virtually every facet of her financial life. During this period, the defendants allegedly engaged in a systematic bilking of Ms. Carr, depleting the assets of her estate in the pursuit of their own self interests. It is undisputed that the value of Ms. Carr's financial holdings diminished by more than $2,500,000 in less than five years while under the direction of the defendants.

The plaintiffs, including Ms. Carr, filed this lawsuit to invalidate a series of transactions and alleged gifts benefitting the defendants. The plaintiffs' amended and consolidated complaint included eight counts: breach of fiduciary duty, conversion, fraud and misrepresentation, civil conspiracy to defraud, exploitation of an elderly person, unjust enrichment, declaratory relief, and constructive trust. The plaintiffs' complaint also included allegations that the defendants were in a confidential relationship with Ms. Carr and exercised undue influence over her financial decision-making. The plaintiffs eventually sought partial summary judgment on this basis with respect to two transactions: the transfer of $150,000 borrowed on margin from Ms. Carr's stock account and the gift of a ninety-nine percent interest in a limited partnership created at the behest of the defendants. The trial court granted the plaintiffs partial summary judgment, finding that Moosa Valinezhad was unable to rebut the presumption of undue influence arising out of a confidential relationship between him and Barbara Carr.[1] The trial court certified its judgment as final and Mr. Valinezhad appealed.

Mr. Valinezhad presents several issues for our review. The dispositive question on appeal, however, concerns this Court's subject matter jurisdiction, or lack therefore, to decide the issues presented. "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise the issue. Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963); *Brown v. Brown*, 281 S.W.2d 492, 501 (Tenn. 1955)).

This Court's subject matter jurisdiction is limited to final judgments except where

---

[1]Linda Carr Valinezhad, who divorced the appellant in 2004, settled with the plaintiffs prior to the hearing on their motion for partial summary judgment.

otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)). An order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is typically not a final judgment that is appealable as of right. *See* Tenn. R. App. P. 3(a). Rule 3(a) of the Tennessee Rules of Appellate Procedure nevertheless permits parties to appeal an order that does not adjudicate all of the claims, rights, and liabilities of all parties if the trial court certifies its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

Rule 54.02 creates two prerequisites to the certification of final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, *Bayberry*, 783 S.W.2d at 558, and (2) the order must expressly direct the entry of final judgment upon an express finding of "no just reason for delay," *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). If the trial court certifies a judgment that is not conclusive as to "one or more but less than all of the claims in the action or the rights and liabilities of one or more parties, an appeal from it will be dismissed, even though the trial court decided to treat the order as final." 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2655 & n.8 (3d ed. 1998) (collecting cases). Similarly, an appeal will be dismissed if this Court determines that a certified judgment does not contain the requisite express findings, *Fagg v. Hutch Manufacturing Co.*, 755 S.W.2d 446, 447 (Tenn. 1988) (citation omitted), or improperly holds that "no just reason for delay" exists, *Huntington National Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991).

Our review of a Rule 54.02 certification is conducted under a dual standard.[2] *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)(*no perm. app. filed*). Appellate courts must first determine whether an order disposes of one or more but fewer than all of the claims or parties, which is a question of law we review *de novo*. *Id.* (citing *Gen. Acq., Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994)); *see also Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C .*, No. M2007-01104-COAR3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008) (*no perm. app. filed*) (impliedly deciding the question of

---

[2]This Court has primarily reviewed prior decisions to certify judgment pursuant to Rule 54.02 under an abuse of discretion standard. *See, e.g., Baptist Mem'l Hosp. v. Argo Const. Corp.*, No. W2008-00822-COA-R3-CV, 2009 WL 2245667, at *2 n.2 (Tenn. Ct. App. July 29, 2009) (citation omitted), *perm. to app. denied* (Tenn. Feb. 2, 2010); *Tuturea v. Tenn. Farmers Mut. Ins. Co.*, No. W2006-02100-COA-R3-CV, 2007 WL 2011049, at *3 (Tenn. Ct. App. July 12, 2007) (citation omitted); *Newell v. Exit/In, Inc.*, No. M2003-00434-COA-R3-CV, 2004 WL 746747, at *1 (Tenn. Ct. App. Apr. 7, 2004). The Middle Section of this Court in *Brown v. John Roebuck & Associates, Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621 (Tenn. Ct. App. Dec. 16, 2009)(*no perm. app. filed*), recently determined that a dual standard of review distinguishing between the legal question of whether a judgment disposes of a claim or party and the fact- or equity-based determination of whether just reason for delay exists is the appropriate standard to apply when reviewing certification under Rule 54.02, finding support for its decision in the United States Court of Appeals for the Sixth Circuit's decision in *General Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022 (6th Cir. 1994). *Brown*, 2009 WL 4878621, at *5 (footnote omitted). Because the language of Rule 54.02 of the Tennessee Rules of Civil Procedure is nearly identical to the pre-revision text of Rule 54(b) of the Federal Rules of Civil Procedure, c*ompare* Tenn. R. Civ. P. 54.02, *with* Fed. R. Civ. P. 54(b) (2008), the Middle Section appropriately considered federal precedent interpreting and applying the provisions of Rule 54(b) as persuasive authority when analyzing Rule 54.02. *See Bayberry*, 783 S.W.2d at 557. Our review of federal case law and materials supports the Middle Section's conclusion. Importantly, the United States Supreme Court in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), has recognized the dual nature of appellate review under Rule 54(b):

> There are thus two aspects to the proper function of a reviewing court in Rule 54(b) cases. The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. But once such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." The reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable.

*Curtiss-Wright*, 446 U.S. at 10 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). In light of *Curtiss-Wright* and other federal cases interpreting Rule 54(b), the authors of the influential treatise Federal Practice and Procedure have explained that cases limiting an appellate court's review to a singular abuse of discretion standard under the federal rules are "clearly wrong." Wright et al., *supra*, § 2655. We agree the same holds true for decisions under Rule 54.02 as implicitly recognized by the Middle Section's holding in *Brown*.

whether the court's order disposed of a single claim under a *de novo* standard). If the order properly disposes of one or more but fewer than all of the claims or parties, appellate courts must then, and only then, determine whether there is no just reason for delay, a question we review under an abuse of discretion standard. *See Brown*, 2009 WL 4878621, at *5; *see also* Wright et al., *supra*, § 2655 ("An appellate court need concern itself with the other Rule 54(b) prerequisite—that the trial court make a determination 'that there is no just reason for delay'—only when it is satisfied that the district court properly has reached a final decision as to any of the claims or parties and has directed the entry of judgment on that decision.").

Our review in this case focuses on the question of whether the trial court's order disposes of one or more but fewer than all of the claims before it.[3] A "claim" for the purposes of Rule 54.02 is defined as the "'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Brown*, 2009 WL 4878621, at *6 (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (per curiam)); *accord Christus*, 2008 WL 3833613, at *5 (citations omitted) (finding certification of final judgment pursuant to Rule 54.02 erroneous where the court's order resolved some but not all of the plaintiff's claims for legal malpractice arising out of a closely related series of occurrences); *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *1-3, 8 (Tenn. Ct. App. Sept. 6, 2001) (finding certification improper where the court's order did not entirely dispose of the plaintiff's claim, which concerned a single aggregate of operative facts arising out of a contract).

Our decision in *Brown v. John Roebuck & Associates, Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621 (Tenn. Ct. App. Dec. 16, 2009)(*no perm. app. filed*), illustrates when a multiple-count complaint will give rise to a single claim. The plaintiff, the high bidder at a real estate auction, entered into a sales contract with the seller requiring the plaintiff to pay earnest money in the amount of $316,963.90 to the auction company. *Brown*, 2009 WL 4878621, at *1. The contract initially provided that closing would occur thirty days after the contract's execution, but the buyer and seller later executed an addendum extending the time for closing. *Id.* The auction company, which allegedly received no written confirmation of the extension, considered the earnest money earned after the initial closing deadline and transferred the money from an escrow account to an operating account. *Id.* The plaintiff filed suit against the auction company seeking, in part, to recover the earnest money after the sale failed to close. *Id.* at *2. The plaintiff's amended complaint included nine counts: conversion, misrepresentation, fraud, violation of the Tennessee

---

[3]The order does not purport to dispose of one of the parties to the lawsuit. If an award of partial summary judgment does not eliminate at least one of multiple parties involved in a case, it must be established that the Rule 54.02 final judgment disposes of one or more claims. *See Brown*, 2009 WL 4878621, at *5.

Consumer Protection Act of 1977, professional negligence, breach of contract, compensatory damages, declaratory judgment, and breach of fiduciary duty. *Id.* at *3. The plaintiff eventually moved for partial summary judgment as to four of these counts, with the trial court granting summary judgment on the theory of breach of fiduciary duty. *Id.* at *3. After the trial court certified final judgment pursuant to Rule 54.02, the auction company appealed. *Id.* at *4.

This Court dismissed the appeal, holding that the order appealed did not fully resolve a claim as Rule 54.02 requires.[4] *Id.* at *8. We explained that all nine counts of the plaintiff's complaint arose out of the same aggregate of operative facts involving the estate auction and the auction company's actions with respect to the plaintiff's earnest money. *Id.* at *7. Specifically, the plaintiff's claims for conversion and breach of fiduciary duty involved the exact same set of operative facts. *Id.* Thus, the trial court in *Brown* erred in certifying final judgment under Rule 54.02. *Id.* Although not required to decide whether all nine counts presented by the plaintiffs would constitute a single claim for the purposes of Rule. 54.02, this Court suggested that the "interlocking facts" of the case would support such a finding. *Id.* at *7 n.6. The import of our decision in *Brown* is clear: separate causes of action or counts in a complaint that arise out of the same series of closely related factual occurrences constitute one claim for the purposes of Rule 54.02.

Our review of the record reveals that the trial court's order does not dispose of a "claim" for the purposes of Rule 54.02. The order appealed resolves the legal rights of the parties as to only two transactions on a single count alleged in the complaint. The complaint, on the other hand, contains eight counts challenging numerous transactions that arise out of the same aggregate of operative facts—the alleged improper and systematic exercise of undue influence over Ms. Carr and her finances. Further, the papers filed in the trial court assert that Mr. Valinezhad improperly benefitted from at least 125 transactions conducted pursuant to his and his former wife's broad fiduciary powers. While we cannot know whether the plaintiffs will ultimately seek to invalidate each of these transactions, it is without question that the plaintiffs intend to seek further relief from the trial court on additional counts and additional transactions arising out of the same aggregate of operative facts. The court's order, therefore, does not dispose of one or more but fewer than all of the claims before it and is not certifiable as a matter of law under Rule 54.02. Finding otherwise could conceivably give rise to countless appeals to determine the merits of various individual transactions involving essentially the same facts and legal principles. Such an outcome is unacceptable and would clearly permit piecemeal litigation, which is not favored in Tennessee. *See Harris v. Chern*, 33 S.W.3d 741, 746 n.3 (Tenn. 2000) (citing *Breakstone*

---

[4]We held, in the alternative, that the trial court abused its discretion in determining that no just reason for delay existed. *Brown*, 2009 WL 4878621, at *7.

*v. Home Fed. Sav. & Loan Ass'n*, 539 S.W.2d 45, 45 (Tenn. Ct. App. 1976)).

## Conclusion

For the foregoing reasons, we vacate the trial court's order certifying its judgment as final and remand this case for further proceedings. Costs of this appeal are assessed to the appellant, Moosa Valinezhad, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE