FELTY *v*. CHILLICOTHE REALTY CO.

(*Knoxville*, September Term, 1939.)

Opinion filed December 16, 1939.

CALDWELL, BROWN & O'DELL, of Bristol, for plaintiff in error.

HODGES & DOUGHTY, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The petition herein is filed under the Workmen's Compensation Statute (Code 1932, section 6851 et seq.) to recover an additional award for injuries sustained by petitioner while engaged in the performance of his duties. The defendant pleaded a previous settlement and this plea was sustained by the trial judge and the suit dismissed. Petitioner has appealed.

Petitioner sustained the injuries complained of on September 27, 1937. Representatives of the defendant negotiated with him and a settlement was agreed upon between the parties whereby the petitioner was to be paid $556.87 in discharge of his claim.

The defendant and the petitioner are both located in Sullivan County, Tennessee, and the petitioner was injured while engaged in work in the City of Kingsport in that County. Defendant's plea herein discloses that an endeavor was made by it to procure the circuit judge in Sullivan County to approve the settlement above mentioned but His Honor could not be reached. Thereupon the parties presented a joint petition to a circuit judge in Knox County submitting the settlement and seeking a ratification thereof. Upon examination of the matter, the settlement was approved by the Knox County judge.

The argument for petitioner is that approval of this settlement was beyond the jurisdiction of the circuit judge in Knox County and that the settlement is accordingly null and void.

We think the court below properly sustained the settlement. Section 6877 of the Code is as follows:

"The interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be approved by the judge of the circuit court of the county where the claim for compensation under this chapter is entitled to be made."

This court has noted in two cases that an action under the Workmen's Compensation Statute is transitory. *Chambers* v. *Sanford & Treadway*, 154 Tenn., 134, 289 S. W., 533; *Redman* v. *DuPont Rayon Co.*, 165 Tenn., 585, 56 S. W. (2d), 737. The statute confers jurisdiction of these suits upon the circuit court and they may be brought in any circuit court having jurisdiction of the parties. Defendant corporation being located in Sullivan County, without office or agent in Knox County, might have objected to the jurisdiction of the court in that County, but, as noted above, the defendant and the peti-

tioner joined in invoking the Knox County jurisdiction. The employee might have sued in Knox County, as an original proposition, and, without objection from defendant, the court in Knox County might have taken jurisdiction of the suit. That is to say the claim for compensation was "entitled to be made" in Knox County, both parties consenting. Therefore, under the express provision of the statute, it was within the jurisdiction of the court in Knox County to approve a settlement of the claim.

■ "The want of jurisdiction in a court of the subject matter in dispute cannot be cured by appearance, by plea, by consent, or in any other way whatever; but the judgment is and must remain to all intents and purposes absolutely null and void. But it is not so in the case of a want of jurisdiction of the person. This is a personal privilege, and if the party seeks to avail himself of it, he must do it, if he appear, by plea in abatement; for if he enters an appearance and suffers a judgment by default, or if he plead to the merits of the case and go to trial, he has waived his privilege, and shall not be permitted afterwards to assert it." *Agee v. Dement*, 20 Tenn. (1 Humph.), 332.

■ The above quoted rule is everywhere recognized and the parties herein having waived the privilege of objection to the Knox County jurisdiction by their joint petition, neither can challenge that jurisdiction now.

The judgment below is affirmed.