LODGE MFG. CO. *v.* GILBERT *et al.*

*(Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

404

A. A. KELLY, of South Pittsburg, for appellant.

WILLIAM J. TURNBLAZER, of Middlesboro, Ky., for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant, a corporation existing under the laws of the State of Tennessee, filed its original bill in the Chancery Court against George Gilbert and others as representatives of the United Mine Workers of America, District No. 50, Chattanooga Local, and other named persons residents of Marion County, Tennessee, also named persons residents of Jackon County, Alabama. They are sued as "individuals and as class representatives of said Union and all other persons now associated with them." The bill alleges that the complainant is manufacturing goods for shipment in interstate commerce "and is an activity in commerce to such extent that complainant is regulated and governed by the Labor Management Relations Act of 1947 [29 U.S.C.A. Sec-

tion 141 et seq.], and, as such, is required only to recognize duly qualified and certificated labor organizations as declared by the National Labor Relations Board.''

The bill charges that it is advised by the National Labor Relations Board that District 50 of the United Mine Workers is ''an outlaw'' Union and is ''non-certified and non-qualified under law to act as a legal bargaining agent of complainant's employees'' because of its failure to comply with the mandatory provisions of the Act of 1947, as set out in Sub-sections (f), (g) and (h) of Section 159 of Title 29, U. S. C. A.

The bill complains of a strike against the complainant in January, 1953, and mass picket lines upon streets which gave immediate ingress and egress to the complainant's premises; continuing to charge acts committed against the complainant and its property by mass-picketing consisting of threats of violence against company officials, and other employees who desired to work, all to the injury of its business.

The prayer of the bill is (1) that an injunction issue to restrain all picketing; and (2) in the alternative that the defendants be restrained from ''using no more than one person in the act of picketing at any one time'' and that such person be further ''restrained and inhibited from coming upon any part of any public street or entrance-ways into the company's plant premises'', etc.

The defendants filed a plea in abatement to the jurisdiction of the court insisting that ''exclusive jurisdiction of the practices complained of is in the National Labor Relations Board as provided in the Act of 1947, commonly referred to as the Taft-Hartley Act.''

The Chancellor treated the plea as a demurrer to the bill and after due consideration sustained it, but permitted the injunction previously granted to remain in

effect pending complainant's appeal to this Court. The sole and only assignment of error is that "Upon the facts averred in the bill, and under law, jurisdiction of the subject matter reposed solely in the Court below."

It conclusively appears from allegations in the bill that the strike of complainant's employees resulted from complainant's refusal to recognize the Union (District 50, United Mine Workers of America) as a lawful bargaining agent, also that certain employees, members of the Union, had committed and were continuing unlawful acts which were designed to coerce complainant to bargain with an unqualified Union.

We think the Chancellor was correct in holding that he had no jurisdiction to determine whether or not the Union was qualified to act as a bargaining agent for the company's employees. This is strictly within the scope and purview of the Labor Management Relations Act of 1947 (Taft-Hartley); nor has the court any authority to determine whether or not an employer is guilty of an unfair labor practice, or if any strike is lawful or unlawful. The bill concedes "that complainant is subject to the jurisdiction of the National Labor Relations Board" but says the Chancery Court has jurisdiction to restrain unlawful acts.

We readily concede that the Labor Management Act does not exclude all jurisdiction of State Courts. The cases cited on appellant's brief fully sustain this proposition.

This Court is not concerned with the question of causes which give rise to a strike, and not until strikers are guilty of acts which result in irreparable damage to property, will a court of chancery issue an injunction to restrain the commission of such unlawful acts. In the case of *Montgomery Building & Const. Trades Council* v.

*Ledbetter,* 256 Ala. 678, 57 So. (2d) 112, it was held that the Taft-Hartley Act determined the rights of the parties, but sustained the jurisdiction of the State Court on account of the urgent need to prevent irreparable damage to property.

In *Nashville Corp.* v. *United Steelworkers, etc.,* 187 Tenn. 444, 215 S. W. (2d) 818, 819, the Chancellor issued a temporary injunction to restrain striking employees from committing acts of " 'personal violence, assault, battery or intimidation, * * * calculated or intended to deter or prevent the employees of complainant from carrying out their duties' ". The Chancellor permitted peaceful picketing "but limited the number of pickets and designated areas wherein they could picket." Upon appeals from judgments of contempt this Court sustained the validity of the injunction, the court's jurisdiction being based upon "sworn allegations (greasing of railway tracks into complainants plant, placing and throwing nails into and on complainants property, where automobiles traveled, and other acts constituting a ·destruction of property and the rights of the complainant) herein."

We are fully constrained to the view that the bill contained sufficient averments to justify the issuance of an injunction to prevent mass-picketing which was calculated to injure complainant's business, or interfere with employees who desired to work. It is a proper case where peaceful picketing is permissible. The following prayer of the bill in the alternative, should have been sustained: "that temporary writ of injunction issue and be served on the defendants named and described as aforesaid prohibiting them and any of them from using or employing in use more than one person in the act of picketing at any one time; and that such person so pick-

eting be restrained and inhibited from coming upon any part of the public streets or roadways or any entrance ways into company's plant premises for the purpose of physically obstructing or offering resistance to anyone walking or riding in a vehicle and undertaking entrance thereto, and that all other defendants, during the time of such picketing be prohibited from congregating, loitering, or collecting in proximity to the said place of picketing."

The cause is remanded for further proceedings consistent with this opinion. Appellees will pay the costs of this appeal.