M. L. Caton, H. C. Wood, and Howard E. Nichols, Plaintiffs in Error,

*v.*

Pic-Walsh Freight Co. and Teamsters Local Union No. 667, Defendants in Error.

364 S. W. 2d 931

(*Nashville,* December Term, 1962)

Opinion filed February 7, 1963.

W. C. Rodgers, Memphis, for plaintiffs in error.

John Paul Jones, Memphis, for Pic-Walsh Freight Co.

Howard R. Paul, Memphis, for Teamsters Local Union No. 667.

Mr. Justice Dyer delivered the opinion of the Court.

Plaintiffs in error, M. L. Caton, H. C. Wood and Howard E. Nichols were plaintiffs in the trial court and will be referred to in this opinion as such or by name. Defendants-in-error, Pic-Walsh Freight Company and Teamsters Local Union No. 667 were defendants in the trial court and will be referred to in this opinion as such or by name.

Plaintiffs are members of Teamsters Local Union No. 667 and as such are third party beneficiaries of the collective bargaining contract between their Union and their employer, Pic-Walsh. Plaintiffs were domiciled at Memphis, Tennessee. Pic-Walsh re-domiciled the three plaintiffs from Memphis, Tennessee to St. Louis, Missouri. They continued to drive their trucks over the same routes between Memphis and St. Louis but they lived at and reported for assignment at St. Louis rather than Memphis. The date of this transfer or re-domicile was in 1960, about January 19, for Mr. Caton, and June 21, for Mr. Wood and Mr. Nichols. The collective bargaining contract, at Article V, Section 1 provides for a system of terminal seniority which means that the drivers who have been employed the longest at each terminal, rather than those who have been employed for a greater total period of time by the company, are entitled to preference each working day on the available runs or trips which vary in number from day to day. On some days there will not be enough runs for the drivers available, and some drivers will not have work. The plaintiffs, while domiciled at Memphis, worked regularly. When they were transferred to St. Louis, their seniority at that terminal was naturally less than that of the other drivers who had been domiciled there prior to that time, and as a consequence, their runs and income were reduced from what they had been at Memphis.

Plaintiff Caton filed a grievance, pursuant to Sections VII and VIII of the collective bargaining contract, early in 1960, contesting his transfer as being improper under the contract. This Missouri-Kansas Grievance Committee, composed of representatives of the defendants in June, 1960, approved the transfer as being consistent with the

contract. Plaintiffs Wood and Nichols filed no grievance according to the procedure set forth in the contract.

On June 28, 1960, all three plaintiffs filed charges against Pic-Walsh before the National Labor Relations Board, alleging the transfer respectively on January 19, 1960, and June 21, 1960, violated Section 8(a) (1) and 8(a) (3) of the Act which are the unfair labor practices of employer carriers. On August 5, 1960, these charges were withdrawn from the Board.

On April 4, 1961 plaintiffs filed the instant lawsuit for damages against their employer, Pic-Walsh and their Union, Teamsters Local No. 667, alleging that this transfer from Memphis to St. Louis was an unlawful conspiracy by Pic-Walsh and the Union to deprive them of their seniority or livelihood.

The trial judge in sustaining pleas in abatement to which no replication was filed, found the court is without jurisdiction of the subject matter of the suit because the congress of the United States has pre-empted the jurisdiction of the State Courts over its subject matter by the Labor Management Relations Act of 1947, (29 U.S.C.A. secs. 157, 158(a) (1), 158(a) (3), 158(b) (1), 158(b) (2), 29 U.S.C.A. sec. 160(c).

In the case of *Lodge Mfg. Company v. Gilbert,* 195 Tenn. 403, 260 S.W.2d 154 this Court dealt with the Federal Act here in question, and in so doing made the following statement:

"We think the Chancellor was correct in holding that he had no jurisdiction to determine whether or not the Union was qualified to act as a bargaining agent for the company's employees. This is strictly within the

scope and purview of the Labor Management Relations Act of 1947 (Taft-Hartley) ; nor has the court any authority to determine whether or not an employer is guilty of an unfair labor practice, or if any strike is lawful or unlawful.'' 195 Tenn. 403, 260 S.W.2d 154.

We think the substance of this suit is a charge of non-violent unfair labor practice. Plaintiffs contend they have lost certain seniority rights all to their damage, which may well be true, but without this collective bargaining agreement between Pic-Walsh and the Union, under which plaintiffs worked there would be no seniority rights.

The plaintiffs filed a motion to strike defendant's plea in abatement on the ground said pleas were filed after they had made an appearance in Court. The Trial Judge overruled plaintiffs motion and this action is assigned here as error. These pleas in abatement were to the want of jurisdiction of the Court in regard to the subject matter in dispute. The want of jurisdiction of the Court of the subject matter in dispute cannot be cured by appearance, plea, or by consent. *Felty v. Chillocothe Realty Company,* 175 Tenn. 315, 134 S.W.2d 153.

All assignments of error are overruled and the judgment of the Trial Court affirmed.