# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 5, 2003 Session

## STEVE W. ROGERS v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 20300029**

---

**No. M2003-00215-COA-R3-CV - Filed September 18, 2003**

---

Plaintiff appeals dismissal by the Tennessee Claims Commission of his claim against the State of Tennessee resulting from an alleged assault and battery by a Tennessee State Trooper in the State Capital Building. The Claims Commission dismissed the claim for lack of subject matter jurisdiction, and we affirm the action of the Claims Commission.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Steve W. Rogers.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General, and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM  OPINION[1]

Steven Rogers was part of a group of citizens gathered at the Tennessee State Capital Building on July 12, 2001, to protest a possible enactment by the General Assembly of a state income tax. He alleges in his complaint before the Claims Commission that he was told he could watch the senate debate from the balcony but mistakenly went to the wrong balcony. As he proceeded down the stairs from the balcony, he alleged that he was assaulted by one Harold Gooding, a Tennessee State Trooper. He asserts that Gooding grabbed him by the throat and pushed

---

[1]Court of Appeals Rule 10(b):

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

him back until he fell to the floor whereupon Gooding dragged him across the floor to an exit. He seeks $300,000 in compensatory damages for assault and battery.

On October 15, 2002, Defendant filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim upon which relief could be granted. This motion to dismiss was based upon the assertion that the Claims Commission lacked subject matter jurisdiction under Tennessee Code Annotated section 9-8-307.

By Order entered December 16, 2002, the Claims Commission granted Defendant's Motion to Dismiss holding:

> This Commission does not have jurisdiction to consider intentional torts such as assault and battery; the claimant has not shown any grounds, statutory or otherwise, for asserting such jurisdiction. The State is not legally responsible for the intentional torts of its officers. This claimant can sue the officer in question for such an alleged tort, and has done so.

On appeal, Rogers asserts that the State is estopped to assert lack of subject matter jurisdiction in the Claims Commission. He bases this assertion on actions taken by Sergeant Harold Gooding in defense of a federal court action filed against him relative to the same July 12, 2001 incident.

Under Tennessee Constitution article I, section 17, suits may only be brought against the State of Tennessee in such manner and in such courts as the legislature may by law direct. Statutes passed permitting suits against the State are in derogation of sovereign immunity and must be strictly construed. *Beare v. Olson*, 711 S.W.2d 603 (Tenn.1986). Suits in the Claims Commission for assault and battery are not among the claims permitted against the State by Tennessee Code Annotated section 9-8-307.

Aside from the fact that the State of Tennessee was not a party to the federal court action, it is long settled that subject matter jurisdiction cannot be conferred upon a tribunal by any action of the parties. Consent of the parties is ineffective, and doctrines of waiver and estoppel do not apply.

> The concept of subject matter jurisdiction involves a court's power to adjudicate a particular type of controversy. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn.1996); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn.1988). Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, *see Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn.1977); *Brown v. Brown*, 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *See Hicks v. Hicks*, No. 01A01-9309-CH-00417, 1994 WL 108896, at *2 (Tenn.Ct.App.Mar.30, 1994) (No Tenn.R.App.P. 11 application filed).

A court's subject matter jurisdiction in a particular circumstance depends on the nature of the cause of action and the relief sought. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994). It does not depend on the conduct or agreement of the parties, *see Shelby County v. City of Memphis*, 211 Tenn. 410, 413, 365 S.W.2d 291, 292 (1963); *James v. Kennedy*, 174 Tenn. 591, 595, 129 S.W.2d 215, 216 (1939), and thus the parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver. *See Caton v. Pic-Walsh Freight Co.*, 211 Tenn. 334, 338, 364 S.W.2d 931, 933 (1963); *Brown v. Brown*, 198 Tenn. at 618-19, 281 S.W.2d at 501.

Judgments or orders entered by courts without subject matter jurisdiction are void, *see Brown v. Brown*, 198 Tenn. at 610, 281 S.W.2d at 497; *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn.Ct.App.1991); *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn.Ct.App.1988). The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated. *See* Tenn.R.Civ.P. 12.08. Thus, when an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal. *See J.W. Kelly & Co. v. Conner*, 122 Tenn. 339, 397, 123 S.W. 622, 637 (1909).

*Dishmon v. Shelby State Community College*, 15 S.W.3d 477, 480 (Tenn.Ct.App.1999).

The judgment of the trial court is affirmed, and costs are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE