# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned On Briefs April 29, 2010

## ROCKY GLEN ROSS v. DONNA ANGELA ROSS

**Direct Appeal from the General Sessions Court for Morgan County**
**No. 0157D      Michael A. Davis, Judge**

---

### No. E2009-01396-COA-R3-CV - FILED JUNE 9, 2010

---

This is a divorce case. The trial court granted the husband a divorce on the ground of inappropriate marital conduct and awarded the husband what appears to be a sizable majority of the parties' assets. The trial court, however, did not adjudicate the wife's counterclaim for spousal support. Because the order appealed does not adjudicate all of the claims, rights, and liabilities of the parties, it is not a final judgment that is appealable of right. We dismiss.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Margaret Jane Powers, Crossville, Tennessee, for the appellant, Donna Angela Ross.

John Mark McFarland, Kingston, Tennessee, for the appellee, Rocky Glen Ross.

### MEMORANDUM OPINION[1]

This is an appeal from a final decree of divorce entered by the Morgan County General Sessions Court. Rocky Ross ("Husband") filed a divorce complaint against his wife of twenty-plus years, Donna Ross ("Wife"). Husband's complaint asserted grounds of irreconcilable differences and inappropriate marital conduct and included allegations that

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Wife was a long-term drug abuser with a criminal history. Wife answered and filed a counter-complaint denying the majority of Husband's allegations, alleging her own grounds of irreconcilable differences and inappropriate marital conduct, and seeking an award of spousal support.

After a hearing, the trial court concluded that Wife had abandoned the marriage for more than ten years. The court further concluded that Husband had primarily, if not exclusively, contributed to the preservation of the parties' property and born the financial burden of raising their children during that period. As a result, the court granted Husband a divorce on the ground of inappropriate marital conduct and awarded Husband the marital home, the majority of his retirement and/or pension benefits, a child support arrearage of $6,084, one-half of the parties' tax returns since 2007, the majority of the couple's outstanding debt, and additional household items. The trial court awarded Wife, on the other hand, approximately $18,000, control of and responsibility for the parties' 2001 Honda Accord, a tanning bed, an all-terrain vehicle, and other household items.[2] Although the trial court failed to place a value on most of the property, the appellant's brief suggests that the trial court awarded greater than seven times more property to Husband than Wife. The order did not, however, address Wife's counterclaim for spousal support. Wife timely appealed.

Wife raises the following issues, as slightly reworded, for our review:

(1)     Whether the trial court equitably divided the parties' marital and separate property when it awarded Husband greater than seven times more property than Wife;

(2)     Whether the trial court relied too heavily on Wife's fault when dividing the marital and separate property;

(3)     Whether the trial court properly assessed a child support arrearage to Wife for an emancipated child based upon imputed income of ten dollars per hour.

The dispositive question on appeal, however, concerns this Court's subject matter jurisdiction, or lack therefore, to decide the issues presented.

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn.

---

[2]The trial court awarded a sum of $18,000 after deducting Wife's child support arrearage from the combined total of her interest in the martial home and the parties' tax returns.

1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise the issue. Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963); *Brown v. Brown*, 281 S.W.2d 492, 501 (Tenn. 1955)). This Court's subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). In this case, the parties have not filed an application for an interlocutory appeal and the trial court did not purport to certify its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Thus, the court's order is appealable only if it adjudicates all of the claims, rights, and liabilities of the parties.

The order in this case does not appear to be a final judgment because it does not address Wife's counterclaim for spousal support. Accordingly, this Court ordered the appellant on May 21, 2010, to show cause why this appeal should not be dismissed for failure to appeal a final judgment. In her response, Wife admitted that she had requested spousal support and an equitable division of property; submitted that the trial court did not address the issue of spousal support, value or classify any of the real or personal property, or consider any of the eleven factors enumerated in Tennessee Code Annotated section 36-4-121(c); and concluded that the trial court likely would not take any further action, follow any statutory requirement in considering the award, or award spousal support. Wife further asked this Court to consider the appeal because "[t]o remand this cause back to the Trial Court at this time will only further delay Appellant's receipt of any justice whatsoever in her litigation process." She added that "[n]either party, nor the Trial Court, has asserted that the Final Decree failed to resolve all issues of the divorce, implicitly denying the Appellant anything she requested in her Counter-Claim."

We disagree that the trial court's failure to address Wife's claim for spousal support amounted to an implied denial of the claim.  Although we understand her predicament, Wife's response serves only to confirm the deficiency of the judgment below.  It is undisputed that the order appealed does not adjudicate all of the claims, rights, and liabilities of the parties.  Consequently, the court's order is not a final judgment that is appealable of right and we must dismiss the appeal.  We express no opinion on whether the court should have determined the status of the parties' property as separate or marital, assigned values to the property at issue, accounted for the mandatory factors relevant to equitable distribution of the property, or avoided any improper reliance upon fault when dividing the property.

## Conclusion

For the foregoing reasons, this appeal is dismissed.  Costs of this appeal are taxed to the appellant, Donna Angela Ross, and her surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE