IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 28, 2010 Session

## SHOMAKER LUMBER COMPANY, INC. v. HARDWOOD SALES & PLANNING SERVICES, INC.

### Direct Appeal from the Chancery Court for Hardeman County
No. 16287    Martha B. Brasfield, Chancellor

### No. W2009-02048-COA-R3-CV - Filed September 2, 2010

This appeal arises out of a dispute between a buyer and seller of lumber. The seller filed suit against the buyer alleging a right to recover in breach of contract, quantum meruit, and/or quantum valebant for an outstanding balance owed on several shipments of lumber. The trial court determined that the buyer accepted approximately half of the disputed shipments due to its failure to timely reject the initial deliveries but was not liable for additional shipments that it timely rejected. The trial court, however, did not address whether the buyer revoked its acceptance of the initial shipments or whether the buyer was entitled to reimbursement for expenses incurred in an attempt to salvage the rejected shipments. Because the parties tried these issues by consent, the order appealed is not a final judgment and the appeal must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

R. Campbell Hillyer, Memphis, Tennessee, for the appellant, Hardwood Sales & Planning Services, Inc.

### MEMORANDUM OPINION[1]

This dispute arises out of the sale of lumber. The plaintiff/appellee, Shomaker Lumber

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Company, Inc. ("Shomaker"), is a sawmill in the business of selling various types of lumber, including frame stock lumber. The defendant/appellant, Hardwood Sales & Planning Services, Inc. ("Hardwood Sales"), is in the business of purchasing frame stock lumber, which it air-dries, planes, and resells as frame parts for upholstered furniture. In September 2007, Shomaker filed suit alleging that the parties had entered an oral agreement for the sale of wood products, Shomaker had delivered a number of shipments of the agreed-upon products, Hardwood Sales had received each of the shipments, but Hardwood Sales had failed to compensate Shomaker for several of the shipments. Shomaker asserted it was entitled to damages in breach of contract or relief under the theories of quantum meruit and/or quantum valebant. Shomaker also sought an award of court costs, pre-judgment interest, and post-judgment interest.

Hardwood Sales raised several defenses in its answer to Shomaker's complaint. In addition to denying several of Shomaker's factual allegations, Hardwood Sales asserted that Shomaker failed to state a claim upon which relief could be granted, the doctrine of "unclean hands" barred any claim for damages, Shomaker's losses resulted solely from its own acts or omissions, and Shomaker failed to properly mitigate damages. Further, Hardwood Sales asserted "all available affirmative defenses codified in T.C.A. § 47-2-101 *et. seq.* (Uniform Commercial Code – Sales) including but not limited to the Statute of Frauds, non-conforming goods, breach of express and implied warranties, improper delivery and rightful rejection" and "reserve[d] the right to raise any additional affirmative defenses that may be revealed through discovery."

The parties proceeded to trial in February 2009, focusing on several disputed issues of law and fact. Importantly, the parties disputed whether they had agreed upon a specified quantity of lumber to be delivered, whether Hardwood Sales had accepted or rejected multiple shipments made in August and September of 2006, and whether Hardwood Sales had revoked its acceptance pursuant to Tennessee Code Annotated section 47-2-608 of any shipments deemed accepted.[2] In addition, Hardwood Sales argued in its opening and closing statements that it was entitled to compensation

---

[2]Tennessee Code Annotated section 47-2-608 provides:

    (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:
    (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
    (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
    (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
    (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Tenn. Code Ann. § 47-2-608 (2001).

pursuant to Tennessee Code Annotated sections 47-2-603 and -604 for expenses incurred in an attempt to salvage the rightfully rejected shipments of lumber.[3] The proof on this issue showed that Hardwood Sales sent a letter to Shomaker's chief executive officer purporting to reject the August and September shipments; the notice explained that Shomaker could pick up the wood or Hardwood Sales would attempt to salvage the goods; Shomaker's chief executive officer threw the letter in the trash; and Hardwood Sales, receiving no response, attempted to salvage the wood in vain.

The trial court, in a lengthy and fairly detailed order, awarded judgment in favor of Shomaker in part. The court found that Hardwood Sales accepted the August shipments because it failed to reject the lumber within a reasonable time. The court found that the rejection of the September shipments, on the other hand, was timely.[4] As a result, the court concluded that Shomaker was

---

[3]Tennessee Code Annotated section 47-2-603 provides:

> (1) Subject to any security interest in the buyer (§ 47-2-711(3)), when the seller has no agent or place of business at the market of rejection a merchant buyer is under a duty after rejection of goods in his possession or control to follow any reasonable instructions received from the seller with respect to the goods and in the absence of such instructions to make reasonable efforts to sell them for the seller's account if they are perishable or threaten to decline in value speedily. Instructions are not reasonable if on demand indemnity for expenses is not forthcoming.
> (2) When the buyer sells goods under subsection (1), he is entitled to reimbursement from the seller or out of the proceeds for reasonable expenses of caring for and selling them, and if the expenses include no selling commission then to such commission as is usual in the trade or if there is none to a reasonable sum not exceeding ten percent (10%) on the gross proceeds.
> (3) In complying with this section the buyer is held only to good faith and good faith conduct hereunder is neither acceptance nor conversion nor the basis of an action for damages.

Tenn. Code Ann. § 47-2-603 (2001). Tennessee Code Annotated section 47-2-604 provides:

> Subject to the provisions of the immediately preceding section on perishables if the seller gives no instructions within a reasonable time after notification of rejection the buyer may store the rejected goods for the seller's account or reship them to him or resell them for the seller's account with reimbursement as provided in the preceding section. Such action is not acceptance or conversion.

Tenn. Code Ann. § 47-2-604 (2001).

[4]It is not entirely clear whether the court intended to hold that Hardwood Sales properly "rejected" the September shipments of lumber or that Hardwood Sales properly "revoked" its prior acceptance of the shipments. The court's order finds that "Hardwood Sales accepted the lumber . . . ," but later finds that Hardwood Sales's "letter of rejection" was timely sent. A party, however, cannot "reject" nonconforming
(continued...)

entitled to compensation for the August shipments in the amount of $21,440.70 plus pre- and post-judgment interest. The trial court's order, however, did not address whether Hardwood Sales properly revoked its acceptance of the August shipments or whether Hardwood Sales was entitled to recover the costs it incurred in the attempt to salvage the rightfully rejected September shipments. This despite the fact that the court's order specifically found that Hardwood Sales provided Shomaker notice of two options for the handling of the rejected shipments—one of which indisputably included processing the wood in an attempt to salvage the shipments—and that Shomaker made only one failed attempt to respond. Following entry of the order, Hardwood Sales timely appealed.

Hardwood Sales raises the following issues, as slightly reworded, for our review:

(1)     Whether the trial court erred when it determined that Hardwood Sales "accepted" any shipments of lumber in dispute pursuant to Tennessee Code Annotated section 47-2-606;

(2)     Whether the trial court erred when it determined that Hardwood Sales's rejection of the August 2006 shipments was not made within a reasonable time pursuant to Tennessee Code Annotated section § 47-2-602;

(3)     Whether the trial court erred when it determined that Hardwood Sales did not revoke its acceptance pursuant to Tennessee Code Annotated section 47-2-608 if Hardwood Sales did in fact "accept" the August 2006 shipments;

(4)     Whether the trial court erred when it did not award Hardwood Sales its costs and expenses incurred pursuant to Tennessee Code Annotated sections 47-2-603 and 47-2-604 as to any shipments rightfully rejected.

The dispositive issue on appeal, however, concerns this Court's subject matter jurisdiction, or lack therefore, to decide the issues presented.

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise the issue. Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963); *Brown v. Brown*, 281 S.W.2d 492, 501

---

[4](...continued)
goods after "acceptance" under the Uniform Commercial Code; rather, it must "revoke" its acceptance once given. *See* Tenn. Code Ann. §§ 47-2-602, -606, -608 (2001).

(Tenn. 1955)).  This Court's subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute.  *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)).  Rule 3(a) of the Tennessee Rules of Appellate Procedure provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right.  Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).  In this case, the parties have not filed an application for an interlocutory appeal and the trial court did not purport to certify its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.  Thus, the court's order is appealable only if it adjudicates all of the claims, rights, and liabilities of the parties.

The order in this case is not a final judgment because it does not adjudicate the issues of revocation and reimbursement under the Uniform Commercial Code.  Regardless of whether Hardwood Sales properly pled these issues, the parties clearly tried them by consent.  Rule 15.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Tenn. R. Civ. P. 15.02.  Generally, an opposing party has tried an issue by consent where that party "knew or should reasonably have known of the evidence relating to the new issue, did not object to this evidence, and was not prejudiced thereby." *Zack Cheek Builders, Inc. v. McLeod*, 597 S.W.2d 888, 890 (Tenn. 1980), *reh'g denied* (Tenn. May 5, 1980).  Here, Hardwood Sales argued the issue of reimbursement in its opening, presented evidence to support its position during its proof-in-chief, and reiterated its rights to recovery on this basis during its closing.  Shomaker raised no objection to considering this issue during the trial or on appeal; further, Shomaker addressed the separate issue of revocation multiple times during its closing, arguing the issue as if it were properly before the trial court.[5]  In prior unreported cases, this Court has held that an appellate court is without subject matter jurisdiction where a trial court's order does not resolve an issue tried by implied consent of the

---

[5]Shomaker did not file a brief in this appeal.

parties. *See Van Hooser v. Van Hooser*, No. W2009-01191-COA-R3-CV, 2010 WL 597451, at *3 (Tenn. Ct. App. Feb. 22, 2010) (*no perm. app. filed*) (dismissing an appeal for lack of final judgment where the trial court had not adjudicated an issue tried by implied consent of the parties); *Scott v. Yarbro*, No. W2005-02830-COA-R3-CV, 2007 WL 121425, at *4-5 (Tenn. Ct. App. Jan. 19, 2007) (same). We agree. The trial court in this case, while reproducing Tennessee Code Annotated sections 47-2-603, -604, and -608 in its order, did not rule on whether Hardwood Sales was entitled to reimbursement for the costs incurred in its attempt to salvage the rejected lumber and did not address the question of revocation. As a result, the court's order is not a final judgment that is appealable of right because it does not dispose of all of the claims, rights, and liabilities of the parties. This appeal is dismissed.

## Conclusion

For the foregoing reasons, this appeal is dismissed for lack of subject matter jurisdiction. Costs of this appeal are taxed to the appellant, Hardwood Sales & Planning Services, Inc., and its surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE