# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 15, 2010 Session

## IN RE: ESTATE OF ARDELL HAMILTON TRIGG, DECEASED

**Appeal from the Circuit Court for Putnam County**
**No. 08 N 0305      John J. Maddux, Jr., Judge**

---

**No. M2009-02107-COA-R3-CV - Filed February 9, 2011**

---

The Bureau of TennCare filed a claim against a decedent's estate to recover the cost of medical assistance provided to the decedent. The Estate filed an exception to the claim. The probate court sustained the claim, and the Estate appealed the probate court's ruling to the circuit court which heard the matter *de novo*. The circuit court reversed the probate court and disallowed the claim of TennCare. TennCare appeals; we hold that the circuit court was without subject matter jurisdiction to review the probate court's order. We vacate the judgment of the circuit court and remand the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Robert E. Cooper, Jr., Attorney General; Michael E. Moore, Solicitor General; and L. Vincent Williams, Deputy Attorney General, for the appellant, the State of Tennessee.

Henry D. Fincher, Cookeville, Tennessee, for the appellee, Estate of Ardell Hamilton Trigg, deceased.

## OPINION

## I. Facts and Procedural History

Ardell Hamilton Trigg ("Decedent") died testate on August 5, 2006. On October 26, 2006, Decedent's will was admitted to probate in the Putnam County Probate Court and a personal representative was appointed to oversee the probate of Ms. Trigg's estate ("the Estate").

On May 14, 2007, the Bureau of TennCare ("TennCare") filed a claim against Decedent's Estate to recover $22,319.09, the alleged cost of nursing facility services provided to the Decedent through the TennCare benefits program.[1] The Estate filed an exception to TennCare's claim, asserting that the assets from which recovery was sought were not a part of the probate estate; that the claim included amounts which were not properly recoverable under applicable law and regulations; and that the claim was not timely filed. The Probate Court overruled the exception and sustained TennCare's claim. The Estate filed a Notice of Appeal seeking a "*de novo* appeal as of right to the Circuit Court of Putnam County."

On August 21, 2009, the Circuit Court of Putnam County ("Circuit Court") held a hearing on the appeal from Probate Court.[2] On August 31, 2009, the Circuit Court entered a Final Order on Probate Appeal granting the exception, finding that TennCare "may only seek recovery for its claim solely from the probate estate of [Decedent] if any, and that it may not recover against the decedent's real property."[3] The Circuit Court remanded the case to the Probate Court for further proceedings. On September 30, 2009, TennCare filed a Notice of Appeal to this Court raising the following issues:

I.  Whether the Circuit Court's Final Order should be vacated because the Circuit Court does not have appellate jurisdiction of the Probate Court's judgments?

II.  Whether the Circuit Court's Final Order should be reversed because there is no material evidence in the record to support the factual findings?

III.  Whether the Circuit Court erred in holding that 42 U.S.C. § 1396p(b)(A) preempts the Bureau of TennCare from recovering medical assistance costs when the Bureau's claim against a decedent's estate would cause real property owned by the decedent to be utilized for recovery of the costs?

---

[1] TennCare originally sought to recover $22,319.09 from Decedent's estate, however, the probate court determined that TennCare's claim should be reduced to $20,593.40. The amount of TennCare's claim is not an issue in this appeal.

[2] The record does not include a transcript of the hearing.

[3] The Circuit Court cited Tenn. Code Ann. §§ 30-2-401 *et. seq.* as a basis for its ruling.

## II. Discussion

TennCare contends that appeal of the Probate Court's disposition of TennCare's claim is to the Court of Appeals in accordance with Tenn. Code Ann. § 30-2-315(b)[4] and that, consequently, the Putnam County Circuit Court did not have subject matter jurisdiction to consider the appeal from the Probate Court. In response, the Estate contends that Tenn. Code Ann. § 30-2-609(c), rather than § 30-2-315(b), vests the Circuit Court with jurisdiction to hear the appeal.[5]

Subject matter jurisdiction concerns the authority of the court to adjudicate the controversy before it and cannot be waived. *Northland Ins. Co. v. State*, 33 S.W. 3d 72, 79 (Tenn. 2000); *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). A court cannot exercise subject matter jurisdiction unless jurisdiction has been explicitly granted to the court by the Constitution of Tennessee or from a legislative act. *Meighan*, 924 S.W.2d at 639; *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Moreover, parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver. *Id.* (citing *Caton v. Pic-Walsh Freight Co.*, 338, 364 S.W.2d 931, 933 (1963); *Brown v. Brown*, 281 S.W.2d 492, 501 (Tenn. 1955)). "A court's subject matter jurisdiction in a particular circumstance depends on the nature of the cause of action and the relief sought." *Dishmon*, 15 S.W.3d at 480 (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)).

The appellate jurisdiction of circuit courts extends to "all suits and actions, of whatever nature, unless otherwise provided, instituted before any inferior jurisdiction, whether brought by appeal, certiorari, or in any other manner prescribed by law." Tenn. Code Ann. § 16-10-112. TennCare contends that the procedure for disposing of an exception

---

[4] Tenn. Code Ann. § 30-2-315(b) states:

(b) A judgment upon the findings of the court shall be entered in the court and from the judgment an appeal may be perfected within thirty (30) days from the date of entry of the judgment, to the court of appeals or the supreme court, as the case may be. The procedure on appeal shall be governed by the Tennessee Rules of Appellate Procedure.

[5] Tenn. Code Ann. § 30-2-609(c) states:

(c) Except in any county having a population of five hundred thousand (500,000) or more according to the 2000 federal census or any subsequent federal census, the appeal of any decision, ruling, order, or judgment of a probate court that is served by a judge who is not the circuit court judge or chancellor of the judicial district in which the matter arose shall be to the appropriate trial court of general jurisdiction in which case the trial judge shall hear the matter de novo.

to a claim at Tenn. Code Ann. §§ 30-2-314 and 30-2-315 is a procedure that is "otherwise provided" within the meaning of Tenn. Code Ann. § 16-10-112. In addition, TennCare contends that the Putnam County Probate Court is not inferior to the Circuit Court as contemplated by Tenn. Code Ann. § 16-10-112.

The Putnam County Probate Court was created by Chapter 229 of the Private Acts of 1965. Sections 2 and 4 of Chapter 229, respectively, designated the Judge of the General Sessions Court to be the Judge of the Probate Court, divested the County Court of jurisdiction in certain matters, and vested same in the Probate Court. The jurisdiction vested in the Probate Court included the original jurisdiction at Tenn. Code Ann. § 16-16-107, *inter alia*, to probate wills and administer estates, and jurisdiction concurrent with the chancery and circuit courts to sell real estate of decedents. Tenn. Code Ann. § 16-16-108. Pursuant to Tenn. Code Ann. §§ 16-16-109 and 16-16-115, the Probate Court was given all powers necessary to exercise the jurisdiction conferred upon it. In light of the foregoing, we agree that the Putnam County Probate Court is not inferior to the Circuit Court and, consequently, the appellate jurisdiction granted the circuit court at Tenn. Code Ann. § 16-10-112 does not apply in this proceeding. *See In re Estate of Guy Allen White*, 77 S.W.3d 765 (Tenn. Ct. App. 2001) (holding that appeals from a county general sessions court when it is exercising probate jurisdiction are filed in the Court of Appeals).

In addition, Part 3 of Title 30 of the Tennessee Code governs the inventory and management of the estate. Tenn. Code Ann. § 30-2-307 allows creditors of a decedent to file a claim against the estate. Tenn. Code Ann. § 30-2-314(e) grants the probate court, if it is a court of record, concurrent jurisdiction with the circuit court to conduct the trial of a claim to which an exception has been filed and a jury demanded "in the same manner and to the same extent as prescribed in this section for circuit courts . . .". Tenn. Code Ann. § 30-2-315 describes the procedure to be followed where an exception has been filed and no jury demanded; the statute vests jurisdiction in the probate court "to hear and determine all issues arising upon the exceptions." Tenn. Code Ann. § 30-2-315(a)(2). An appeal of a judgment entered on the probate court's determination is to the court of appeals or the supreme court "as the case may be." Tenn. Code Ann. § 30-2-315(b). Thus, the procedure for adjudicating contested claims set forth at Tenn. Code Ann. §§ 30-2-314 and 30-2-315 are consistent with the "unless otherwise provided" language of Tenn. Code Ann. § 16-10-112.

As a consequence, the Putnam County Circuit Court lacked subject matter jurisdiction to hear the appeal from Probate Court. Our finding that the Circuit Court was without jurisdiction requires that we vacate the judgment of the Circuit Court, affirm the judgment of the Probate Court remand the case to the Probate Court. *First Am. Trust Co. v. Franklin-*

*Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (citing *J.W. Kelly & Co. v. Conner*, 123 S.W. 622, 637 (1909); *Dishmon*, 15 S.W.3d at 480).[6]

## IV. Conclusion

For the reasons stated above, we vacate the judgment of the Circuit Court, affirm the judgment of the Probate Court, and remand the case with instructions that the Circuit Court remand the case to the Probate Court for further proceedings consistent with this opinion.

_____
RICHARD H. DINKINS, JUDGE

---

[6] "When an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001).