# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 16, 2015 Session

## IN RE CONSERVATORSHIP OF TIMOTHY BEASLEY

**Appeal from the Chancery Court for Rutherford County**
**No. 13CV1596     Howard W. Wilson, Judge**

_____

**No. M2014-02263-COA-R3-CV - Filed May 28, 2015**

_____

A man was injured in an accident, and his relatives initiated conservatorship proceedings in the probate court of Rutherford County.  The conservators were dissatisfied with the probate court's handling of the case and moved to have the case removed to the chancery court.  The probate court granted the motion to remove, but the chancery court determined the removal was improper and sent the case back to the probate court.  The conservators appealed the chancery court's decision to review the probate court's order granting the removal.  On appeal, we note that the probate court and the chancery court in Rutherford County have concurrent jurisdiction over conservatorship proceedings.  Neither court is inferior to the other, and an appeal from either court is to the Court of Appeals.  The chancery court lacked subject matter jurisdiction to determine any issues in the conservatorship once the case was filed in the probate court.  We vacate the judgment by the chancery court and remand the case to the probate court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded to Probate Court**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Stacey Schlitz, Nashville, Tennessee, for the appellants, Marcie Beasley and Jessica Sorenson.

Brent C. Gray, Franklin, Tennessee, for the appellee, Kurt Beasley.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Timothy Beasley suffered a head injury as the result of an automobile accident in May 1997. Mr. Beasley's daughter, Marcie, and ex-wife, Peggy, filed a petition in the probate court of Rutherford County seeking the appointment of conservators. Marcie and Peggy were appointed co-conservators over Mr. Beasley's person. Several years earlier, Mr. Beasley had given his brother, Kurt, power of attorney to make financial decisions on his behalf. The probate court entered an Agreed Temporary Order on October 5, 1998, providing that Kurt would continue as attorney-in-fact/conservator to handle Mr. Beasley's affairs.[1]

On December 5, 2008, the co-conservators filed a motion for status, accounting, and a scheduling order. They complained that Kurt had not performed the functions of a conservator because he had not prepared an inventory, posted a bond, or prepared a property management plan. Kurt filed an accounting on January 9, 2009, and again on March 17, 2009, pursuant to the court's orders.

In March 2010, Kurt sought to be released from his appointment as attorney-in-fact for Mr. Beasley. The probate court signed an order on August 11, 2010, commending Kurt for doing "an excellent job managing the estate of Timothy J. Beasley" and granting his request to resign as temporary conservator. The court ordered Kurt to remain the conservator until the next hearing on September 16, 2010, however, and ordered him to file a final accounting by September 16, 2010.

Marcie and Peggy objected to the court's order, complaining that Kurt's accounting contained several omissions and was incomplete in numerous ways. The co-conservators raised serious allegations regarding actions Kurt had taken and decisions he had made while managing his brother's property.

In an order signed on September 16, 2010, the probate court denied the co-conservators' objection to its order dated August 11, 2010. Then, on October 14, 2010, the probate court entered an order appointing Marcie and Jessica Sorenson (Marcie's sister and Mr. Beasley's other daughter) as co-conservators of Mr. Beasley's estate, thus replacing Mr. Beasley's brother, Kurt.

In February 2013, Marcie and Jessica (hereafter the "Conservators") filed a Memorandum of Issues for Accounting for Years 1998 through October 14, 2010, in which they raised several questions about Kurt's earlier accounting. The Conservators

---

[1]For reasons unrelated to the issues on appeal, Kurt remained the attorney-in-fact/de facto conservator with regard to Mr. Beasley's financial affairs.

alleged that the clerk of the probate court never reviewed Kurt's accounting, and they asked the court's tax professional to address the issues/questions identified in their filing.

Following a hearing on February 12, 2013, the probate court ordered that Kurt's accounting be submitted to a certified public accountant ("CPA") for review. The court also ordered Kurt to submit additional information to the court. The court later amended its order and directed the clerk of the probate court to audit Kurt's accounting. On June 20, 2013, the probate clerk submitted a report indicating that Kurt's accounting was not complete and recommended that the court not approve Kurt's accounting for the period 1998 through October 14, 2010.

## Removal of Conservatorship from Probate Court to Chancery Court

On October 7, 2013, the Conservators filed a motion to remove the conservatorship from the probate court to the chancery court of Rutherford County. The Conservators wrote that "such removal is necessary because the Conservatorship is of such a substantial, complex, and expensive nature that the interests of justice require that the Conservatorship be removed" to the chancery court. The Conservators cited Tenn. Code Ann. § 16-15-732(b) as authority for removing the case to chancery court.

The probate court heard the motion to remove on October 17, 2013. Finding the motion was "well taken," the probate court granted the motion to remove the case to the chancery court. Once the case was removed, the Conservators filed a motion with the chancery court for a determination of the status of the accounting for the years 1998 through October 14, 2010. The chancery court approved the motion and directed the Clerk and Master to investigate Kurt's accounting and to communicate with the Conservators' CPA in the performance of his investigation.

On April 2, 2014, Kurt moved to dismiss the Conservators' objections to his accounting filed over four years earlier. He claimed the matter had been disposed of by the probate court in 2010 when it found he had done an excellent job managing his brother's estate and released him from serving as attorney-in-fact. Kurt argued the matter was "res judicata and barred by the doctrine of laches." The chancery court did not rule on Kurt's motion, but it appointed a special master to "hear all interim issues" and file a report with recommendations.

## Special Master's Report

The special master issued a report on July 23, 2014, which included findings of fact and conclusions of law. He noted that Kurt had not been served with the Conservators' motion to remove the case to chancery court, which, according to the special master, amounted to a denial of his due process rights. The special master also found that the case had been improperly removed pursuant to Tenn. Code Ann. § 16-15-

732 because that statute does not apply to probate court proceedings. The special master recommended that the removal be set aside and the case returned to the probate court for further proceedings.

Chancery Court's Order

The chancery court approved the special master's report over the Conservators' objections. The court ordered that the probate court's order removing the case to chancery court be set aside and that the case be returned to probate court. The court explained:

> It is clear that although a party has the option under current law of filing probate issues either in the County Court for Rutherford County, or in the Chancery Court for Rutherford County, once the election is made regarding the forum in which the action will be filed, the chosen court is entitled to retain jurisdiction absent an Order of the Court relinquishing jurisdiction. In this case, it is evident that the County Court did not relinquish jurisdiction. Rather, the County Court granted the Co-Conservators' motion to remove the case to Chancery Court filed pursuant to T.C.A. § 16-15-732. Case law shows that this action by the Court was improper and should be set aside.

> Further, even assuming *arguendo* that the case was properly removed from the County Court to Chancery, it is clear that service of the pleadings requesting the removal was not proper as to Mr. Kurt Beasley. Although the failure in service may be correctly characterized as a mistake or simple clerical error, Mr. Beasley was denied due process of the law under the 14[th] Amendment of the Constitution of the United States. Mr. Beasley had the right to object to the removal of this case to Chancery Court, and he never received that opportunity.

The Conservators appeal from the chancery court's order setting aside the removal and ruling that Kurt was denied due process. They argue the chancery court lacked subject matter jurisdiction to review the probate court's decision to remove the case to chancery court; that the chancery court erred in setting aside the removal on due process grounds; and that the courts' failure to review Kurt's accounting for so many years deprived the co-conservators' of due process of law.

ANALYSIS

Subject matter jurisdiction refers to "a court's authority to adjudicate a particular type of case or controversy brought before it." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012); *see Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). The

4

only way for a court to obtain subject matter jurisdiction is from either the state constitution or a statute. *In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014); *In re Estate of Trigg*, 368 S.W.3d at 489; *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004). "Parties cannot confer subject matter jurisdiction on a trial or appellate court by appearance, plea, consent, silence, or waiver." *In re Estate of Trigg*, 368 S.W.3d at 489 (citing *Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963)); *see In re Baby*, 447 S.W.3d at 837 ("Issues related to subject matter jurisdiction . . . are not subject to waiver.").

Decisions and rulings issued by a court lacking subject matter jurisdiction over a controversy are null and void. *In re Baby*, 447 S.W.3d at 837; *In re Estate of Trigg*, 368 S.W.3d at 489. Thus, it is important that questions regarding a court's subject matter jurisdiction be considered "as a threshold inquiry" and that they "be resolved at the earliest possible opportunity." *In re Estate of Trigg*, 368 S.W.3d at 489 (citing *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) and *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)). The determination whether a court has subject matter jurisdiction is a question of law. For this reason, we will review the chancery court's decision that it lacked subject matter jurisdiction de novo, without a presumption of correctness. *In re Estate of Trigg*, 368 S.W.3d at 489; *Northland Ins. Co.*, 33 S.W.3d at 729; *see* TENN. R. APP. P. 13(d).

The Conservators relied on Tenn. Code Ann. § 16-15-732(b) as authority to remove their case from the probate court to the chancery court. That statute provides:

> Any defendant seeking to remove an action pursuant to subsection (a)[2] shall file with the application an affidavit stating that the defendant has a substantial defense to the action and/or that the defendant's defense will be of such a complex or expensive nature that the interests of justice require that the defendant not be required to present the defense at the general sessions level. The affidavit shall state the grounds of the defense and why the affiant believes it to be sufficiently substantial, complex or expensive to merit the removal of the case. The affidavit and application shall also be accompanied by a cost bond sufficient to defray all costs that have accrued prior to the time application for removal is made.

In granting the Conservators' motion, the probate court tracked the language of the statute when it wrote "the Co-Conservators' claim is [too] substantial, complex or expensive to present in the Rutherford County Court."

Despite the language set forth in the probate court's order, the Conservators suggest that this statute is not the basis for the probate court's decision to grant their

---

[2]Actions referred to in subsection (a) are civil actions commenced in general sessions court.

motion seeking removal.[3]  The Conservators fail to cite any other basis to support the probate court's decision, however, and we find there is none apparent in the record.  As the special master and chancery court noted, and as the Conservators acknowledged at oral argument, reliance on this statute to remove the case from probate court to chancery court was misplaced.

Tennessee Code Annotated section 16-15-732(b) does not provide authority for this case, that was initially filed in probate court, to be removed to chancery court.  The Conservators fail to explain the basis for the chancery court's subject matter jurisdiction to review the accounting by Kurt that was initially filed with the probate court.  Instead, the Conservators argue the chancery court lacked subject matter jurisdiction to review the probate court's decision to remove the case to chancery court.  The chancery court "has a duty to determine whether it has subject matter jurisdiction over a cause of action which is independent from the parties, and may raise the issue *sua sponte* at any stage in the litigation."  *Carson v. DaimlerChrysler Corp*., W2001-03088-COA-R3-CV, 2003 WL 1618076, *2 n.1 (Tenn. Ct. App. Mar. 19, 2003).  Thus, the chancery court was correct to review the procedure by which the case was removed to its court from the probate court.

As the Conservators acknowledge in their brief, the probate court "is not inferior to the other for purposes of appeal.  Both courts [a]re vested with jurisdiction to hear probate matters."  Tennessee Code Annotated section 16-11-108 provides that "[t]he chancery court has jurisdiction, concurrent with the county court, over persons adjudicated incompetent and their estates."  *See* Tenn. Code Ann. § 16-16-107(a)(1)(G) (county court has original jurisdiction of conservators for persons adjudicated incompetent); Tenn. Code Ann. § 16-16-202 (all sections of the code conferring jurisdiction in probate and related matters in county courts shall apply equally to chancery courts); *In re Estate of Trigg*, No. M2009-02107-COA-R3-CV, 2011 WL 497459, at *2 (Tenn. Ct. App. Feb. 9, 2011), *aff'd*, 368 S.W.3d 483 (Tenn. 2012) (jurisdiction vested in the probate court includes original jurisdiction to probate wills and administer estates).  In Rutherford County, jurisdiction over persons adjudicated incompetent and their estates was transferred from the county court to the probate court by private act in 1973.  1973 PRIV. ACTS ch. 2, § 8.  Appeals from the Rutherford County probate court are to the Court of Appeals.  1973 PRIV. ACTS ch. 2, § 9; *see also* Tenn. Code Ann. § 30-2-315(b) (appeals from probate court decisions are to Court of Appeals).

The plaintiffs here had the choice of initially filing the conservatorship in either Rutherford County's probate court or chancery court, and they decided to go with the probate court.  Once that decision was made, any appeals must be to the Court of Appeals.  The chancery court was without subject matter jurisdiction to review the probate court's actions or issue any rulings in this case, as the co-conservators requested

---

[3]In their brief, the Conservators contend, "The County Probate Court did not cite any statutory basis upon which it was granting removal; nor did [the] Order reflect any statutory basis of removal."

when they sought to remove the case from the probate court to the chancery court. Because the chancery court lacked subject matter jurisdiction to hear this case once it was filed in the probate court, all of its orders are void and of no effect. *In re Baby*, 447 S.W.3d at 837; *In re Estate of Trigg*, 368 S.W.3d at 489. As a result, we vacate the chancery court's judgment and remand the case to probate court for further proceedings. Any appeal from the probate court shall be filed with the Court of Appeals.

CONCLUSION

The chancery court's judgment is vacated and the case is remanded to the probate court for further proceedings. The costs of this appeal shall be taxed to the appellants herein, Marcie Beasley and Jessica Sorenson, for which execution shall issue, if necessary.

_____
ANDY D. BENNETT, JUDGE