# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 5, 2011 Session

## FSGBANK, N.A., v. SUSHAN K. ANAND

**Appeal from the Circuit Court for Hamilton County**
**No. 08C1238     Hon. Jacqueline S. Bolton, Judge**

---

### No. E2011-00168-COA-R3-CV-FILED-FEBRUARY 21, 2012

---

In this action based on a contract, the Trial Court granted plaintiff summary judgment and ultimately certified the judgment as final, pursuant to Tenn. R. Civ. P. 54.02. Defendant had filed a counterclaim against plaintiff based on the same contracts that was the basis of plaintiff's summary judgment. Defendant has appealed, insisting the Trial Court abused its discretion in certifying the judgment as final. We hold the Trial Court abused its discretion in certifying the judgment as final and dismiss the appeal.

**Tenn.  R. App. P.3 Appeal as of Right;  Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Gary R. Patrick and Susie Lodico, Chattanooga, Tennessee, for the appellant, Sushan K. Anand.

Donald J. Aho, and Zachary H. Greene, Chattanooga, Tennessee, for the appellee, FSG Bank, N.A.

# OPINION

## Background

FSGBank, N. A. (FSGBank) sued defendant/appellant Sushan K. Anand (Mr. Anand), alleging breach of contract on October 9, 2008. The suit averred that on or about May 10, 2008, Mr. Anand executed a promissory note and security agreement in favor of FSGBank pursuant to which FSGBank extended a line of credit to Mr. Anand in the amount of three million two hundred fifty thousand dollars ($3,250,000.00). The note is secured by an investment account owned by Mr. Anand and identified as "First Security Wealth Management Group Account No. 000390". Under the terms of a pledge and control agreement, incorporated into the note, the value of the collateral investment account could not fall below the original amount of the loan. The loan matured on July 10, 2008, at which time the outstanding principal and interest on the loan became due to FSGBank. The suit further stated that Anand had not paid the amount of the loan in accordance with the terms of the note and the value of the collateral had fallen below the minimum value.

Thirty-two days after filing the complaint, FSGBank moved for summary judgment. The motion was accompanied by an affidavit of a senior vice president, copies of the note, copies of the pledge and control agreement, and a statement of undisputed material facts.

Mr. Anand filed an Answer and Counterclaim. In his Answer, Mr. Anand denied that he was in default of the loan. In the Counterclaim, he asserted that the note was secured by "certain marketable securities that were managed by First Security Wealth Management Group, a division of FSGBank," and that pursuant to the "control agreement" FSWM had the sole authority to make decisions regarding the marketable securities in the investment account. He further alleged that First Security Wealth Management Group made "false representations to Mr. Anand regarding the quality of services" it could deliver. He further stated in the Counterclaim that, in exercising its authority, FSWM made poor decisions that caused Mr. Anand's securities to lose substantial value. He also alleged that in failing to make reasonable decision in the management of the securities, FSGBank failed to mitigate its damages. He based his cause of action for breach of contract, breach of fiduciary duty, misrepresentation and negligence against the bank.

On August 31, 2010, the Trial Court granted FSGBank's motion for summary judgment for the following reasons:

> This Court finds that there are no genuine issues of material fact as to the requirements of the contract, the account value, or the requisite terms for default, and therefore, summary judgment for the Plaintiff is appropriate. The Defendant admits

in the pleadings that the Defendant was in default when value of account fell below the requisite amount per the contract and thereby necessitates this Court's findings that as a matter of law the Plaintiff's Motion should be granted.

Additionally, there is no genuine issue of material fact of whether the Plaintiff properly mitigated damages after the Defendant's breach of contract. The undisputed facts demonstrate the terms of the agreement provide the Plaintiff the ability to freeze the account if the security values were to fall below the threshold. Viewing all the facts in the Defendant's favor, this Court does not find any genuine issue of material fact.

It is therefore ORDERED that the Defendant pay the remaining contract amount, as well as the 5% interest as stipulated by contract. The Defendant's Counter-claim shall continue forward accordingly

Mr. Anand filed a Motion to Alter or Amend the Judgment on September 29, 2010, which was opposed by FSGBank. The Trial Court entered an Order denying Defendant's motion on November 10, 2010, and entered a judgment for damages of $3,323,262.00 plus post-judgment interest and reasonable attorneys' fees and expenses in favor of plaintiff. Then the Court entered an order deeming the grant of summary judgment in favor of Plaintiff to be final pursuant to Tenn. R. Civ. P. 54.02. According to the parties' briefs, the Rule 54.02 order was *sua sponte* and not at the request of one of the parties.

On December 10, 2010, the Trial Court entered a written order memorializing its actions of November 15th, including a finding that the summary judgment would not be deemed final and that defendant's counterclaim would continue forward. FSGBank filed a motion for the Court's reconsideration on the issue of whether the summary judgment should be designated a final judgment under Rule 54.02, and the Trial Court then entered an order granting FSGBank's motion for reconsideration on it's former order that the summary judgment was final upon a finding that to do so would not "prejudice . . . the merits of Defendant's counterclaim."

## The Appeal

Defendant has appealed and raised these issues:

A.      Whether the Trial Court erred when it certified the judgment as final pursuant to Tennessee Rule of Civil Procedure 54.02?

B.      Whether the Trial Court erred when it granted summary judgment to FSGBank

based on the finding that the defendant had breached the contract between the parties?

C. Whether the Trial Court erred when it denied Mr. Anand's motion to alter or amend the judgment?

The granting or denying of a motion for summary judgment is a matter of law, and a court of appeal's standard of review is *de novo* with no presumption of correctness. Tenn. R. Civ. P. 56.04. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997)*; Sykes v. Chattanooga Hous. Auth*., 343 S.W.3d 18, 26 (Tenn. 2011).

Our review of a Rule 54.02 certification of a judgment as final is conducted under a dual standard. *Carr v. Valinezhad*, M2009-00634-COA-R3-CV, 2010 WL 1633467 at * 2 (Tenn. Ct. App. Apr. 22, 2010)(citing *Brown v. John Roebuck & Assocs., Inc.,* No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec.16, 2009)). First the appellate court must determine whether an order disposed of one or more but fewer than all of the claims or parties, which is a question of law we review *de novo. Id.* (citing *Gen. Acq., Inc. v. GenCorp., Inc.,* 23 F.3d 1022, 1027 (6th Cir.1994)). If the order properly disposes of one or more but fewer than all of the claims or parties, we are then required to determine whether there is no just reason for delay, a question which is reviewed under the abuse of discretion standard. *Carr* at * 2 (citing *Brown,* 2009 WL 4878621 at *5).

The Tennessee Supreme Court explained the abuse of discretion standard in *Eldridge v. Eldridge*, 42 S.W. 3d 82 (Tenn. 2001): "Under the abuse of discretion standard, a trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge* at 85. The application of the abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court. *Id.*

Mr. Anand forcefully argues that the Trial Court was in error when it certified its partial summary judgment as final pursuant to Tenn. R. Civ. P. 54.02. He argues the Trial Court's action was error because the remaining counterclaim was not separate and distinct from the breach of contract claim brought by the bank. FSGBank contends that Mr. Anand waived his right to challenge on appeal the Trial Court's ruling on the issue because he did not raise the issue in the court below, relying on *In re M.L.D*., 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)(A party may not raise an issue for the first time upon appeal.)

In a civil case an appeal as of right may be taken only after the entry of a final judgment. Tenn. R. App. P. 3(a). A final judgment resolves all the issues in the case, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643,

645 (Tenn. 2003)(citing *State ex rel. McAllister v. Goode,* 968 S.W.2d 834, 840 (Tenn. Ct. App.1997)). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final and is subject to revision any time before the entry of a final judgment. Tenn. R. App. P. 3(a). Such an order is interlocutory or interim in nature and generally cannot be appealed as of right. However, pursuant to Tenn. R. Civ. P. 54.02, a party may appeal an order that adjudicates fewer than all of the claims, rights, or liabilities of fewer than all the parties upon certification of final judgment by a trial court. *Estate of Henderson* at 645.

On the issue raised by Mr. Anand, we are required to determine whether we have subject matter jurisdiction. The question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise the issue. Tenn. R. App. P. 13(b); *Carr* at * 1 (citing *Osborn v. Marr,* 127 S.W.3d 737, 740 (Tenn.2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Carr* at * 1 (citing *Dishmon v. Shelby State Cmty. Coll.,* 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic-Walsh Freight Co.,* 211 Tenn. 334, 364 S.W.2d 931, 933 (Tenn.1963); *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492, 501 (Tenn.1955)). If the Trial Court has improperly certified the partial summary judgment as final the appeal must be dismissed for lack of subject matter jurisdiction. Tenn. R. App. P. 3(a); *Huntington Nat. Bank v. Hooker*, 840 S.W.2d 916, 923 (Tenn. Ct. App. 1991).

In this case, the *Carr* Court set out the inquiry a court must make to determine whether a final judgment certification was proper under Rule 54.02:

> Rule 54.02 creates two prerequisites to the certification of final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, *Bayberry* [*Assocs. v. Jones*]*,* 783 S.W.2d [553], [559 (Tenn.1990)] and (2) the order must expressly direct the entry of final judgment upon an express finding of "no just reason for delay," *Fox v. Fox,* 657 S.W.2d 747, 749 (Tenn.1983). If the trial court certifies a judgment that is not conclusive as to "one or more but less than all of the claims in the action or the rights and liabilities of one or more parties, an appeal from it will be dismissed, even though the trial court decided to treat the order as final." 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2655 & n. 8 (3d ed.1998) (collecting cases). Similarly, an appeal will be dismissed if this Court determines that a certified judgment does not contain the requisite express findings, *Fagg v. Hutch Manufacturing Co.,* 755 S.W.2d 446, 447 (Tenn.1988) (citation omitted), or improperly holds that "no just reason for delay" exists, *Huntington National Bank v. Hooker,* 840 S.W.2d 916, 922 (Tenn. Ct. App.1991).

*Carr* at *1.

The first prerequisite is met here. The entry of summary judgment on FSGBank's breach of contract claim completely adjudicated that claim, leaving only Mr. Anand's counterclaims for breach of contract, breach of fiduciary duty, misrepresentation and negligence against FSGBank for mismanagement of his investment account. We are then required to determine whether the certified judgment contains the requisite express findings or improperly holds that "no just reason for delay" exits. Our focus then is on the second prerequisite, the abuse of discretion standard of review.

The Court in *Tuturea v. Tennessee Farmers Mut. Ins. Co.,* W2006-02100-COA-R3-CV, 2007 WL 2011049 (Tenn. Ct. App. July 12, 2007) stated that although a trial court's decision regarding whether to certify a judgment as final under Rule 54.02 is generally reviewed under an abuse of discretion standard, "this Court has noted that '[t]he rule itself establishes the basic legal standard,' and our Supreme Court has stated that it does not encourage the practice of "certifying interlocutory judgments as final under Rule 54.02, thereby requiring a litigant to file an appeal while the remainder of the litigation is ongoing ...." *Tutuerea* at * 3 (citing *Harris v. Chern,* 33 S.W.3d 741, 745, n. 3 (Tenn.2000)). The Tennessee Supreme Court in *Harris v. Chern* stated that "[p]iecemeal appellate review is not favored and that "[o]rders certifying interlocutory judgments as final "should not be entered routinely" and "cannot be routinely entered as a courtesy to counsel." *Huntington Nat'l Bank* at 921.

This Court has adopted from the federal jurisprudence a list of factors that a trial court should consider in deciding whether or not to certify an interlocutory judgment as final under Rule 54.02 in *Cates v. White*, 03A01-9104CH00130, 1991 WL 168620 (Tenn. Ct. App. Sept. 4, 1991). In that case the Court looked to federal law for guidance because Tenn. R. Civ. P. 54.02 is substantially identical to the Federal Rule of Civil Procedure 54(b). The *Cates* Court then stated:

> The purpose of the certification rule is to enhance judicial economy and "to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. General Electric Co.,* 100 S.Ct. 1460 at 1466, 446 U.S. 1 at 10 (1980); *see also Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 62 (6th Cir.1986). An order or judgment is certifiable "only if it disposes of at least one claim" or party. *Rudd Construction Equipment Co., Inc. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir.1983). T.R.C.P. 54.02.

> The factors which **must be weighed** in determining whether a certification is proper are set out in full in *Allis Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360 at 364 (3d Cir.1975):

-6-

(1) the relationship between the adjudicated and unadjudicated claims;
(2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

The existence of one factor does not automatically make certification improper. *Curtiss-Wright Corp., supra,* at 1465. Instead, the trial court must weigh the existence of all the factors in making its determination.

In reviewing a 54.02 certification, deference must be given to the trial court's determination. "The question in cases [of 54(b) certification] is likely to be close, but the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case." *Curtiss-Wright Corp. v. General Electric Co.,* 100 S.Ct. 1460 at 1467, 446 U.S. 1 (1980). *See also Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61 (6th Cir.1986). However, deference rests on the assumption that, in reaching the certification decision, the trial court has weighed the factors listed above. *Solomon,* at 61. "[A]ny abuse of that discretion remains reviewable by the Court of Appeals." *Sears, Roebuck & Co. v. Mackey,* 76 S.Ct. 895, 901, 351 U.S. 427, 437 (1956). If the certification is deemed improper, the appellate court then vacates the judgment and remands for further disposition. *Bayberry,* at 559.

*Cates* at * 3 (citing *Allis Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360 at 364 (3d Cir.1975).

The facts in the case before us differ from the facts in *Huntington Nat'l Bank* and *Newell v. Exit/In, Inc.,* M2003-00434-COA-R3-CV, 2004 WL 746747 (Tenn. Ct. App. Apr. 7, 2004), because here the adjudicated and nonadjudicated claims involve the same parties, and only those parties, and they arise out of the same factual issues and the same set of contracts. As the parties both make claims for breach of the same set of contracts, the Trial Court was obligated to consider whether the factual issues "at the heart of the claims [were] distinct to permit Rule 54.02 certification of the summary judgment. *Baptist Mem'l Hosp. v. Argo Const. Corp.,* 308 S.W.3d 337, 340 n. 2 (Tenn. Ct. App. 2009)(citing *Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc.,* 626 F. Supp. 159, 169 (N. D. Ill.1985)). The Trial

Court did not make such a determination and apparently did not consider the *Cates* factors or apply the analysis set forth in *Huntington Nat'l Bank*. When the factors set forth in these cases are considered, it was inappropriate to certify the summary judgment as final. Accordingly, the Trial Court abused its discretion when it certified the judgment as final.

Under the first *Cates* factor, the Trial Court should have looked at the relationship between the adjudicated and non-adjudicated claims and analyzed "the extent to which the inquiry into applicable law for each claim would involve duplication of effort if done separately." *Prudential Ins. Co. of Am.* 626 F. Supp. at 169. Both claims were for breach of the same set of contracts and the same substantive law would be applied to each claim. The significant factual and legal connection between the parties' contract claims weigh against the Trial Court's certification of the summary judgment as final.

The second *Cates* factor is the possibility that this Court might be obligated to consider the same issue, breach of contract, arising out of the same documents, twice. There is a distinct possibility that this Court would have to consider two appeals involving the same parties, the same documents and the same facts two separate times, and it would be more efficient and less costly for both the Court and the parties to consider the claims in one appeal.

Both Rule 54.02 and *Cates* mention the presence of a counterclaim as a factor for the Trial Court to consider before certifying a judgment as final. *Cates* states that the Court must consider "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final . . ." Mr. Anand argues that the possibility of a set-off is especially significant given that there is no evidence in the record regarding the solvency of either party, which is another issue the Trial Court should have considered under the *Cates* factors. While this argument is apparently speculative, it should have been considered by the Trial Court given the state of the economy in recent years.

In sum, the failure of the Trial Court to consider several of the *Cates* factors, demonstrates that the Trial Court abused its discretion in certifying the partial judgment as final, and because the summary judgment is not a final judgment, we lack subject matter jurisdiction. We remand the case to the Trial Court for final disposition of all of the claims. The remaining issues raised on appeal are moot.

The appeal of the Trial Court's Judgment is dismissed and the cause remanded, with the cost of the appeal assessed one-half to FSGBank, N.A., and one-half to Sushan K. Anand.

_____
HERSCHEL PICKENS FRANKS, P.J.