# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### NOVEMBER 15, 2012 Session

## ARTIST BUILDING PARTNERS, ET AL. V. AUTO-OWNERS MUTUAL INSURANCE COMPANY

**Direct Appeal from the Circuit Court for Davidson County**
**No. 07C112      Thomas W. Brothers, Judge**

---

**No. M2012-00157-COA-R3-CV - Filed December 28, 2012**

---

The orders of the trial court were designated as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure. Because we find that certification of the judgment under Rule 54.02 was in error, we dismiss the appeal for lack of appellate jurisdiction.

**Tenn. R. App. P.3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

W. Timothy Harvey and Rebecca J. Garman, Clarksville, Tennessee, for the appellant, Auto-Owners Mutual Insurance Company.

Raymond Graham Prince, Nashville, Tennessee, for the appellees, Artist Building Partners and Howard Caughron.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## *Background*

On June 13, 2005, fire damaged a building owned by Artist Building Partners and Howard Caughron (collectively as "Plaintiffs").[2] The building was insured by Auto-Owners Mutual Insurance Company ("Defendant"). On January 11, 2007, after a dispute arose over the amount owed by the Defendant under the policy, the Plaintiffs filed suit alleging that the Defendant had only paid a portion of the amount owed for the damage to the building and lost business income, and had refused to pay the balance owed. The complaint further sought damages for the Defendant's alleged bad faith refusal to pay and for violation of the Tennessee Consumer Protection Act ("TCPA").

On February 5, 2007, the Defendant demanded an appraisal under the appraisal clauses of the policy at issue, and submitted the following issues to appraisal: (1) the actual cash value of the damages to the building, less reasonable depreciation; (2) the reasonable time frame within which the repairs to the building should have been completed; and (3) the actual business income loss incurred. On October 16, 2007, an appraisal award was made finding the actual cash value of the building less depreciation to be $1,627,330.14, the actual business income loss to be $1,060,297.66, and the reasonable time frame within which the repairs should be completed to be six months from the date construction begins. Defendant paid the balance for the actual cash value of the building, deducting previous payments. Defendant paid only twelve months worth of lost business income, however, based on its theory that the Business Income and Extra Expense Endorsement in the policy limited recovery of actual business income to twelve months.

On April 16, 2008, Plaintiffs filed a motion for partial summary judgment asking the trial court to find that the twelve month limitation only applied to extra expense and not business income loss, and that the appraisal award established the amount of business income loss and extra expense as $1,060,297.66. Thereafter, Defendant moved for partial summary judgment seeking a finding that the twelve month limitation applied to both lost business income as well as to extra expense. On July 31, 2008, the trial court entered an order granting, in part, Plaintiffs' motion that the twelve month limitation did not apply to lost business income. Finding that a question of fact existed regarding the "period of restoration," the trial court declined to grant Plaintiffs' motion establishing that the amount of lost business income and extra expense was $1,060,297.66. According to the policy, the "period of restoration" is the that time beginning with the date of the loss and ending with the "date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality."

---

[2]Mr. Caughron is the sole remaining partner of Artist Building Partners.

Both parties subsequently filed additional motions for summary judgment. Plaintiffs' motion contended that, because the signatories to the appraisal award agreed that the "period of restoration" was from June 2005 to April 2008, Plaintiffs were entitled to recover the full amount for lost business income and extra expense during those thirty-four months less Defendant's previous payments. Thereafter, the trial court directed the parties to schedule a deposition of the appraisal umpire, who was subsequently deposed on June 14, 2011. On August 16, 2011, Defendant served a subpoena on the appraisal umpire seeking a copy of her entire file regarding her work in this case. Following the appraisal umpire's motion to quash, or in the alternative, for a protective order, the trial court concluded that the Defendant's subpoena was unduly burdensome and granted the umpire's motion.

At a hearing on November 4, 2011, the trial court ruled that the appraisal panel, in calculating the amount of lost business income, had necessarily determined that the "period of restoration" began on the date of loss, June 13, 2005, and ended six months after the appraisal award was signed on October 16, 2007. Therefore, on December 19, 2011, the trial court entered an amended order granting Plaintiffs' motion for partial summary judgment and denied Defendant's motion. The trial court concluded that Plaintiffs were entitled to recover the $1,060,297.66 amount, less Defendant's previous payments of $393,640.20, for a total of $666,657.46. The trial court further concluded that the Plaintiffs were entitled to a judgment for prejudgment interest at ten percent per annum on the award beginning November 17, 2007, the date the award "should have been paid." Thereafter, the trial court entered an order finding that both its July 31, 2008 and December 19, 2011 orders be designated as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Defendant timely filed a notice of appeal to this Court.

### *Discussion*

Defendant presents several issues for our review on appeal. The dispositive issue, however, concerns this Court's subject matter jurisdiction. "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise the issue. Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic–Walsh Freight Co.*, 211 Tenn. 334, 364 S.W.2d 931, 933 (Tenn. 1963); *Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492, 501 (Tenn. 1955)).

This Court's subject matter jurisdiction is limited to final judgments except where

otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)). An order adjudicating fewer than all the claims, rights, and liabilities of fewer than all the parties is not a final judgment that is appealable as of right. *See* Tenn. R. App. P. 3(a). Rule 3(a) of the Tennessee Rules of Appellate Procedure nevertheless permits parties to appeal an order that does not adjudicate all of the claims, rights, and liabilities of all parties if the trial court certifies its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

Rule 54.02 creates two prerequisites to the certification of final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, *Bayberry*, 783 S.W.2d at 558, and (2) the order must expressly direct the entry of final judgment upon an express finding of "no just reason for delay," *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). If the trial court certifies a judgment that is not conclusive as to "one or more but less than all of the claims in the action or the rights and liabilities of one or more parties, an appeal from it will be dismissed, even though the trial court decided to treat the order as final." 10 Charles Alan Wright et al., Federal Practice and Procedure § 2655 & n. 8 (3d ed.1998) (collecting cases). Similarly, an appeal will be dismissed if this Court determines that a certified judgment does not contain the requisite express findings, *Fagg v. Hutch Manufacturing Co.*, 755 S.W.2d 446, 447 (Tenn. 1988) (citation omitted), or improperly holds that "no just reason for delay" exists, *Huntington National Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn. Ct. App.1991).

Our review of a Rule 54.02 certification is conducted under a dual standard. *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at \*5

(Tenn. Ct. App. Dec.16, 2009)(*no perm. app. filed*). Appellate courts must first determine whether an order disposes of one or more but fewer than all of the claims or parties, which is a question of law we review *de novo*. *Id.* (citing *Gen. Acq., Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994)); *see also Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COAR3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008) (*no perm. app. filed*) (impliedly deciding the question of whether the court's order disposed of a single claim under a *de novo* standard). If the order properly disposes of one or more but fewer than all of the claims or parties, appellate courts must then, and only then, determine whether there is no just reason for delay, a question we review under an abuse of discretion standard. *See Brown*, 2009 WL 4878621, at *5; *see also* Wright et al., *supra*, § 2655 ("An appellate court need concern itself with the other Rule 54(b) prerequisite-that the trial court make a determination 'that there is no just reason for delay'-only when it is satisfied that the district court properly has reached a final decision as to any of the claims or parties and has directed the entry of judgment on that decision.").

In the case at bar, our review focuses on the question of whether the trial court's order disposes of one or more but fewer than all of the claims before it. A "claim" for the purposes of Rule 54.02 is defined as the "'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Brown*, 2009 WL 4878621, at *6 (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (per curiam)); *accord Christus*, 2008 WL 3833613, at *5 (citations omitted) (finding certification of final judgment pursuant to Rule 54.02 erroneous where the court's order resolved some but not all of the plaintiff's claims for legal malpractice arising out of a closely related series of occurrences); *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *1-3, 8 (Tenn. Ct. App. Sept. 6, 2001) (finding certification improper where the court's order did not entirely dispose of the plaintiff's claim, which concerned a single aggregate of operative facts arising out of a contract). Accordingly, "'a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Christus*, 2008 WL 3833613, at *5 (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S. Ct. 1202, 47 L. Ed.2d 435 (1976)).

After thoroughly reviewing the record, we conclude that the trial court's order does not dispose of a "claim" for purposes of Rule 54.02. In its order certifying its previous orders as final pursuant to Rule 54.02, the trial court held as follows:

> It is therefore ORDERED, that the Court's Order entered on the 31st day of July, 2008, regarding the Plaintiffs' Motion for Partial Summary Judgment and the Defendant's Motion for Partial Summary Judgment is now hereby designated as a final Order pursuant to Tennessee Rule of Civil Procedure 54.02, as a ruling of the Court for which an immediate appeal may

be taken.

It is further ORDERED that the Court's ruling on the Plaintiffs' Motion for Partial Summary Judgment and the Defendant's Motion for Partial Summary Judgment, entered on the 19th day of December, 2011, is hereby designated as a final Order pursuant to Tennessee Rule of Civil Procedure 54.02, as a ruling of the Court for which an immediate appeal may be taken.

It is further ORDERED that the two Orders entered on July 31, 2008, and December 19, 2011, respectively, dispose of the Plaintiffs' breach of contract claim in its entirety and are therefore proper Orders to be designated as final Orders pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

It is further ORDERED that the designation of these two Orders entered July 31, 2008, and December 19, 2011, respectively, as final Orders pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure is effective upon entry of this Order.

Although the trial court's order disposed of Plaintiffs' breach of contract claim, Plaintiffs' bad faith refusal to pay and TCPA claims are still being litigated in the court below. Clearly, these claims arise out of the same aggregate of operative facts–the alleged failure of the Defendant to pay Plaintiffs for losses covered by the policy of insurance. Thus, for purposes of Rule 54.02, Plaintiffs' complaint stated a single claim for relief. Accordingly, we conclude that the Rule 54.02 certification was improper. Furthermore, the trial court's order from which the Defendant appeals does not contain an express determination that there is no just reason for delay, and thus is not a final, appealable order. As a result, we must dismiss this appeal for lack of appellate jurisdiction.

### *Conclusion*

In light of the forgoing, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellant, Auto-Owners Mutual Insurance Company, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE